# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

LASALLE 2006-MF4 1402-1406
BROOKLINE AVENUE LLC,

    Plaintiff,

vs.                                                                 CASE NO.: CV-13-J-1467-NE

MARILYN J. THOMAS,

    Defendant.

## **MEMORANDUM OPINION**

Pending before the court is the plaintiff's motion for summary judgment with evidentiary submissions (doc. 15) and a brief in support of said motion (doc. 16). To date, no response has been received from the defendant.[1]  The court has considered the motion, evidence and pleadings filed to date.

## I.  FACTUAL BACKGROUND

The facts of this case are not disputed. The defendant obtained a $500,000.00 loan on September 6, 2008, to purchase a multi-family property in Decatur, Alabama. Plaintiff ex. 1A; plaintiff ex. 1C Exhibit "A". She signed a multi-family mortgage with non-party Fidelity Bancorp Lending, Inc., on that same date, with the property

---

[1] By Scheduling Order entered February 12, 2014, the defendant had fourteen (14) days from the date the motion was filed to submit a response to the court.  *See* Exhibit A to February 12, 2014, Scheduling Order (doc. 14). That deadline was March 6, 2014.

purchased securing the loan. Plaintiff ex. 1C. A variety of indorsements of the note and assignments of the mortgage ensued, resulting in the plaintiff here owning the loan in question as of May 23, 2013. Plaintiff exs. 1B, 1D and 1E.

Prior to plaintiff's purchase of the loan and mortgage, the defendant was notified that she was in default on the loan. Plaintiff exs. 1F and 1G. Plaintiff then purchased the loan and mortgage, and held a foreclosure sale on July 18, 2013, at which it was the high bidder. Plaintiff ex. 1H. Plaintiff paid $320,000.00 for the property, leaving an amount of $208,851.90 due and owing on the mortgage signed by the defendant. Plaintiff ex. 1, ¶ 19. The plaintiff therefore seeks judgment in its favor for this amount, as well as pre-judgment interest and post-judgment interest, and attorneys' fees and expenses in the amount of $25,164.77. *See* plaintiff ex. 2.

## II.  STANDARD FOR EVALUATING SUMMARY JUDGMENT

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). An issue is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121

F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005).

### III. LEGAL ANALYSIS

This case is before the court based on diversity, as plaintiff is an Alabama a limited liability company and defendant is a resident of California. Complaint, ¶¶ 1-2. "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir.2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Alabama courts follow the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti*. *Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So.3d 200, 213 (Ala.2009). Accordingly, in Alabama, contract claims are governed by the laws of the state where the contract was made, unless the contracting parties chose a particular state's laws to govern their agreement. *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala.1991). The Note states that it shall be governed by the law of the state of Alabama. Plaintiff ex. 1C. Similarly, the Mortgage specifies that it shall be governed by the law of the jurisdiction in which the property is located. Plaintiff ex. 1C, ¶ 22. Thus, the court applies Alabama law.

The sole court of the complaint is for breach of contract, specifically that defendant has failed to pay the amounts due and owing under the note. In her answer defendant admits that

> The Loan is in default due to, among other things, Borrower's failure to pay all amounts of outstanding principal and accrued interest...

Complaint, ¶ 15, Answer ¶ 15.  Although defendant denies that "Borrower failed to satisfy its obligations under the Loan Documents" (Complaint, ¶ 18, Answer, ¶ 18), the defendant offers nothing in response to the motion to summary judgment to suggest why she in not liable for amounts remaining under the loan documents.

To prove breach of contract under Alabama law, a party must show: "(1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Financial Corp.,* 29 So.3d 872, 880 (Ala.2009) (citations omitted).  The Note and mortgage together constitute a valid and binding contract. *See e.g., NuGen Intern., Inc. v. Kennedy*, 2012 WL 1569572, 3 (N.D.Ala.2012), citing *Moses v. National Bank of Lawrence County*, 149 U.S. 298, 302, 13 S.Ct. 900, 37 L.Ed. 743 (1893) ("[e]very negotiable promissory note, even if not purporting to be 'for value received,' imports a consideration. And the indorsement of such a note is itself prima facie evidence of having been made for value")(internal citations omitted); *Seier v. Peek*, 456 So.2d 1079, 1081 (Ala.1984) (quoting *Day v. Ray E. Friedman & Co.*, 395 So.2d 54, 56 (Ala.1981)) ("[t]he note itself is 'prima facie evidence of sufficient consideration for the execution thereof, and the burden of proof is on the defendant

5

to show there was no consideration"). In sum, the plaintiff has established the existence of a valid contract (the note and mortgage), performance under the contract (defendant received $500,000 to purchase property), defendant's non-performance (the default on the loan and subsequent foreclosure sale with an outstanding balance due), and plaintiff's damages (loss of the amount loaned to defendant and not repaid).

By Answer, the defendant does not dispute the validity of the Loan Documents, that the loan is in default, or the fact that plaintiff was damaged by defendant's failure to satisfy her debt. Therefore, based on the facts and evidence before this court, the plaintiff is entitled to summary judgment in its favor on the breach of contract claim. The court shall **GRANT** summary judgment in favor of the plaintiff and against the defendant by separate Order.

## CONCLUSION

The court having considered the foregoing, and finding no genuine issues of material fact exist and that the plaintiff is entitled to judgment in its favor as a matter of law, the court shall so rule by separate judgment.

**DONE** and **ORDERED** this the 10th day of March, 2014.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE